**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-CV-22464**
**(Underlying Criminal Case No. 03-20846-CMA)**

BRIAN AHKEEM LIVINGSTON
       Movant,

v.


UNITED STATES OF AMERICA,
       Respondent.
_____/


**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT**
**TO 28 U.S.C. § 2255, AND MEMORANDUM OF LAW IN SUPPORT**


     Mr. Livingston, through undersigned counsel, respectfully moves this Court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  At a time when the Guidelines were mandatory and had the force and effect of laws, this Court sentenced Mr. Livingston as a career offender based on the residual clause of U.S.S.G. § 4B1.2(a)(2).  Under the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Livingston no longer qualifies as a career offender, and his career-offender sentence violates due process of law and results in a fundamental defect inherently resulting in a miscarriage of justice.  Accordingly, Mr. Livingston requests that this Court grant this motion and re-sentence him without the career offender enhancement.

1

## PROCEDURAL HISTORY

On December 2, 2003, Mr. Livingston was charged in a six-count superseding indictment.   Crim DE 17.[2]

On January 2004, Mr. Livingston pled guilty to two counts of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), one count of possession of body armor after prior conviction for crime of violence, in violation of 18 U.S.C. § 931, and one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841.  Crim. DE 26 & 27.

On March 16, 2004, the presentence investigation ("PSI") report was disclosed.  The PSI advised it was relying on the convictions in ¶¶ 43 and 49 of the PSI to enhance Mr. Livingston under the mandatory guidelines as a career offender. PSI ¶ 30.  Those paragraphs are summarized from the PSI as follows:

¶ 43   Possession with Intent to Sell or Deliver Cannabis – Dkt. #F99–336
       2/4/99: Sentenced to 30 day's DCJ.

¶ 49   Count 1: Armed Carjacking – Dkt. # F99-02942
       2/11/00 Sentenced to 4 years' FDOC.

On June 2, 2004, the Court sentenced Mr. Livingston to 198 months' imprisonment total, consisting of 120 months as to each of counts 1 and 3 (felon in possession of a firearm and ammunition), 36 months as to count 2 (possession of body armor after prior conviction for crime of violence), and 198 months as to count 4 (possession of cocaine base with intent to distribute) all to run concurrently, which was reflected in the second amended judgment.  Crim. DE 47.

---

[2] "Crim. DE" refers to docket entries in Mr. Livingston's underlying criminal case, No.  03-20846-CMA.

On June 20, 2009, Mr. Livingston filed a motion under 28 U.S.C. § 2255, which he later voluntarily withdrew.  Crim. DE 48 & 54.

On July 21, 2009, the government filed a motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b)(2), which this Court granted.  Crim. DE 55.  The text of the Court's order provided that the second amended judgment was further amended to commit Mr. Livingston "to the custody of the Bureau of Prisons to be imprisoned for a term of one hundred and forty-eight (148) months."  Crim. DE 55.  Though the order did not explicitly specify, it appears that the Court reduced the sentence on Count 4, which was previously 198 months to 148 months, which represents the 25% reduction recommended by the government in its motion and to which the three other counts were to run concurrent.  Crim. DE 55.

## GROUNDS FOR RELIEF

In *Johnson*, the Supreme Court declared the residual clause of the Armed Career Criminal Act (ACCA)—"or otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)—to be "unconstitutionally vague," because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."  *Johnson*, 135 S. Ct. at 2557.  Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law."  *Id.*  Following *Johnson*, Mr. Livingston is no longer a career offender.

3

## I.     Mr. Livingston No Longer Qualifies as a Career Offender

A defendant is a career offender if: (1) he was at least eighteen when he committed the instant offense; (2) the instant offense is a felony crime of violence or controlled substance offense; and (3) he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1. A "crime of violence" is defined as a felony that, *inter alia*: "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [elements clause], or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [enumerated-offense clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [residual clause]."  U.S.S.G. § 4B1.2(a).

Mr. Livingston no longer qualifies as a career offender because *Johnson* invalidated the residual clause, and, without the residual clause, he does not have two prior convictions that continue to qualify as predicate offenses under U.S.S.G. § 4B1.2(a).

At sentencing, the PSI and the government relied on the following prior convictions to argue that Mr. Livingston qualified as a career offender: (1) Florida possession with intent to distribute cannabis (F99-336) and (2) Florida armed carjacking (F99-02984). As explained below, Mr. Livingston no longer has two qualifying predicate convictions in light of *Johnson*.

### A.  Florida Armed Carjacking (F99-02984)

Mr. Livingston was convicted of one count of Florida carjacking under Fla. Stat. § 812.133(a)(2) (1999), which was a first degree felony.  Under Florida law at the time,  a three-year mandatory minimum sentence could be imposed if the defendant "had in his possession" a firearm or destructive device during the commission of the offense and the offense was one enumerated under Fla. Stat. § 775.087(2)(a)(1999), of which carjacking was one.

However, as a matter of law, mere possession of a firearm or other destructive device "does not involve the use, attempted use, or threatened use of force." *United States v. Archer*, 531 F.3d 1347, 1349 (11th Cir. 2008); *United States v. McGill*, 618 F.3d 1273 (11th Cir. 2010) (possession of a sawed-off shotgun is "not a violent felony under the ACCA"). Accordingly, imposition of this sentence enhancement cannot bring Mr. Livingston's offense within the elements clause.

### II.    *Johnson* Invalidates § 4B1.2(a)(2)'s Residual Clause

The career offender guideline's residual clause—"or otherwise involves conduct that presents a serious potential risk of physical injury to another," U.S.S.G. § 4B1.2(a)(2)—repeats the ACCA's residual clause verbatim.  Because § 4B1.2(a)(2)'s residual clause is identical to the ACCA's residual clause, the Eleventh Circuit, and every other circuit, interprets the clauses identically.  *See, e.g., United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010) ("[T]he residual clauses

are identical[.] Accordingly, we look to the Supreme Court's opinions applying the ACCA . . . for guidance in considering whether an offense qualifies as a crime of violence under the Sentencing Guidelines."). It has therefore construed them interchangeably. *See, e.g.*, *United States v. Archer*, 531 F.3d 1347, 1350 n.1 (11th Cir. 2008).

As a result, *Johnson*'s declaration that the ACCA's residual clause is void for vagueness applies equally to § 4B1.2(a)'s residual clause. Indeed, the Court in *Johnson* relied on several decisions involving § 4B1.2(a)(2)'s residual clause to demonstrate that it "has proved nearly impossible" to "mak[e] sense of the residual clause." *See* 135 S. Ct. at 2559-60 (citing *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013); *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010); *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010); *United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009)). And the Court has granted certiorari, vacated, and remanded ("GVR") nine lower court decisions in which defendants had been sentenced under § 4B1.2(a)'s residual clause, including four cases on collateral review, in light of *Johnson*.[1] Accordingly, and revealingly, the United States government has ex-

---

[1] The GVRs included seven career offender cases, *see Vinales v. United States*, 135 S. Ct. 2928 (2015); *Denson v. United States*, 135 S. Ct. 2931 (2015) (28 U.S.C. § 2255 motion); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (28 U.S.C. § 2255 motion); *Maldonado v. United States*, 135 S. Ct. 2929 (2015); *Smith v. United States*, 135 S. Ct. 2930 (2015); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (28 U.S.C. § 2255 motion); *Jones v. United States*, 135 S. Ct. 2944 (2015) (28 U.S.C. § 2255 motion); one § 2K2.1 case, *Talmore v. United States*, 135 S. Ct. 2937 (2015), and one § 7B1.1 case, *Cooper v. United States*, 135 S. Ct. 2938 (2015).

pressly conceded in appellate courts around the country that *Johnson* invalidates the residual clause in § 4B1.2(a)(2).[2]

Admittedly, the Eleventh Circuit has rejected the government's well-considered, national position in *United States v. Matchett*, 802 F.3d 1185, 1193–96 (11th Cir. 2015*), pet. for reh'g en banc pending* (Oct. 13, 2015).  However, as argued in the pending rehearing petition, the panel's conclusion is unpersuasive.  Not only does *Matchett*'s reasoning contravene *Johnson* itself, it contravenes the Supreme Court's decision in *Peugh v. United States*, 133 S. Ct. 2072 (2013).  In *Peugh*, the Court emphasized that the Guidelines, while advisory, nonetheless serve as the baseline and anchor of the federal sentencing regime.  *See id.* at 2087-88; *see also Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345-46 (2016).  The reasoning in *Matchett* is irreconcilable with that proposition, and, in fact, it relies exclusively on circuit decisions that pre-date *Peugh*.  Even the circuits that issued those pre-*Peugh* decisions are no longer relying on them.

2 *See, e.g.*, Supp. Br. for United States at 6-10, *United States v. Pagan-Soto*, No. 13-2243, 2015 WL 4872453 (1st Cir. Aug. 11, 2015); Letter Br. for United States, *United States v. Zhang*, No. 13-3410 (2d Cir. Aug. 13, 2015); Supp. Br. for United States, *United States v. Talmore*, No. 13-10650, 2015 WL 5076250 (9th Cir. Aug. 17, 2015); Supp. Letter Br. the United States at 2-4, *United States v. Lee*, No. 13-10507 (9th Cir. Aug. 17, 2015); United States Supp. 28(j) Auth., *United States v. Smith*, No. 14-2216 (10th Cir. Aug. 20, 2015); Appellee's Supp. Br. at 3-10, *United States v. Madrid*, No. 14-2159, 2015 WL 4985890 (10th Cir. Aug. 20, 2015); Supp. Br. for Plaintiff-Appellee United States at 4-8, *United States v. Grayer*, No. 14-6294, 2015 WL 4999426 (6th Cir. Aug. 20, 2015); United States' Supp. Br. at 7-9, *United States v. Goodwin*, No. 13-1466, 2015 WL 4999435 (10th Cir. Aug. 21, 2015); Supp. Letter Br. for United States, *United States v. Matchett*, No. 14-10396 (11th Cir. Aug. 27, 2015); Supp. Letter Br. for United States, *United States v. Townsend*, No. 14-3652, 2015 WL 5112425 (3d Cir. Aug. 28, 2015); Br. of Plaintiff-Appellee at 8-14, *United States v. Gillespie*, No. 15-1686 (7th Cir. Sept. 14, 2015).

Most recently, for example, the Sixth Circuit issued a precedential decision harshly criticizing *Matchett* as "flawed," "mistaken," and "erroneous." *United States v. Pawlak*, ___ F.3d ___, 2016 WL 2802723 (6th Cir. May 13, 2016). In doing so, the Sixth Circuit overruled its prior decision in *United States v. Smith*, 73 F.3d 1414 (6th Cir. 1996), in which it had held the Guidelines were not susceptible to a vagueness challenge and which the *Matchett* panel expressly cited with approval. *Matchett* also relied heavily on *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990) and *United States v. Tichenor*, 683 F.3d 358 (7th Cir. 2012), both of which have since been called into question following *Johnson*. *See United States v. Taylor*, 803 F.3d 931, 933 (8th Cir. 2015) ("[t]he reasoning in *Wivell* that the guidelines cannot be unconstitutionally vague . . . is doubtful after *Johnson*"); *United States v. Ramirez*, 799 F.3d 845, 856 (7th Cir. 2015) ("proceed[ing] on the assumption that the Supreme Court's reasoning [in *Johnson*] applies to section 4B1.2 as well"). Ultimately, in the eight months since the *Matchett* rehearing petition has remained pending without resolution, "[a]ll ten of the other courts of appeals that have decided this question have either held or assumed that *Matchett* is incorrect." *In re Robinson*, __ F.3d __, 2016 WL 1583616, at *2 n.2 (11th Cir. April 19, 2016) (Martin, J., concurring in the judgment). In short, Mr. Livingsston is confident that the anomalous decision in *Matchett* is both incorrect and short-lived.

But even if *Matchett* were to remain undisturbed, it does not apply here. The reasoning in *Matchett* depended entirely on the *advisory* nature of the Guidelines. The panel, notably, framed the issue in *Matchett* as "whether the vagueness doc-

trine of the Due Process Clause of the Fifth Amendment applies to the advisory Sentencing Guidelines." 802 F.3d at 1189. The heading of that section of the opinion stated: "The Vagueness Doctrine Does Not Apply to *Advisory* Sentencing Guidelines." *Id.* at 1193 (emphasis added). That brief section of the opinion alone used the word "advisory" 14 times, *id.* at 1193–96, and the opinion used it a total of 18 times. The panel also pronounced its conclusion in terms of the advisory nature of the Guidelines. *Id.* at 1196 ("we reject Matchett's argument that advisory guidelines can be unconstitutionally vague"). Further, it limited that conclusion to advisory Guidelines despite purporting to join four circuits that had (pre-*Peugh*) "held that the Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague." And, perhaps most revealingly, it distinguished a contrary Ninth Circuit opinion on the ground that it "was issued when the guidelines were still mandatory." *Id.* In short, every aspect of the Court's reasoning in *Matchett* depended on the advisory nature of the Guidelines.

That reasoning has no application in Mr. Livingston's case because the Guidelines were *mandatory* when he was sentenced. Critically, the mandatory Guidelines "impose[d] binding requirements on all sentencing judges" and "ha[d] the force and effect of laws." *Booker v. United States*, 543 U.S. 220, 233–34 (2005). Thus, the discretion now permeating the Guidelines did not exist when Mr. Livingston was sentenced. Because the advisory nature of the Guidelines was central to *Matchett*'s holding, that holding would have to be significantly extended for it apply

to here. And, because *Matchett* was wrongly decided in the first place, as the above arguments illustrate, any such extension would be unwarranted.[3]

For the foregoing reasons, Mr. Livingston maintains that, after *Johnson*, he is no longer a career offender. Accordingly, he is entitled to relief.

### III.   Mr. Livingston's Claim is Cognizable Under § 2255

Section 2255(a) authorizes a federal prisoner claiming "that [his] sentence was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). Mr. Livingston's sentence was imposed in violation of the Constitution because it was predicated on the residual clause, and "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. As demonstrated above, *Johnson*'s constitutional holding regarding ACCA's residual clause applies to the identically worded residual clause in USSG § 4B1.2(a). Thus, Mr. Livingston's claim for relief is constitutional in nature and thus cognizable under § 2255(a).

---

[3] The Eleventh Circuit has extended *Matchett* to the mandatory Guidelines, but only in the context of a *pro se* application for leave to file a second or successive § 2255 motion. *In re Griffin*, __ F.3d __, 2016 WL 3002293, at *4-5 (11th Cir. May 25, 2016). Nonetheless, even if *Griffin* were to apply to a first § 2255 motion, the law remains in flux on that issue. Counsel is in the process of re-filing the application for Mr. Griffin, which will include arguments that the panel did not consider. Notably, other panels have reversed their rulings on *pro se* successive applications in response to re-filed, counseled applications. *See, e.g.*, *In re Robinson*, No. 16-12616 (11th Cir. June 8, 2016) (concluding that earlier, published decision, reported at 2016 WL 1583616, denying *pro se* application was "not correct"); *In re Turner*, No. 16-13012 (11th Cir. June 14, 2016) (granting re-filed counseled application following earlier denial of *pro se* application in Case No. 16-11914). Furthermore, other panels of the Eleventh Circuit have *granted* successive applications in mandatory Guidelines cases. *See In re Lester*, No. 16-11730 (11th Cir. May 19, 2016); *In re Bryant*, No. 16-12062 (11th Cir. May 27, 2016). And, notably, the grant in *Bryant* came *after Griffin*, and one Judge on the *Bryant* panel was also on the *Griffin* panel.

Furthermore, Mr. Livingston's claim is also cognizable because it amounts to a fundamental defect inherently resulting in a complete miscarriage of justice. *See Davis v. United States*, 417 U.S. 333, 346 (1974). The Eleventh Circuit has held that this standard does not encompass claims alleging the misapplication of the *advisory* Guidelines. *Spencer v. United States*, 773 F.3d 1132 (11th Cir. 2014) (en banc). But other circuits have persuasively held that claims alleging the misapplication of the mandatory Guidelines are cognizable on that basis. *See United States v. Doe*, 810 F.3d 132, 159-60 (3d Cir. 2015); *Narvaez v. United States*, 674 F.3d 621, 628-30 (7th Cir. 2011); *see also United States v. Mulay*, 805 F.3d 1263, 1265 (10th Cir. 2015). Indeed, because the mandatory Guidelines had the force and effect of laws, increasing a defendant's sentence above the correct mandatory guideline range amounts to an illegal sentence, which is cognizable under § 2255(a).

## IV.   *Johnson* Applies Retroactively to Cases on Collateral Review

In *Welch v. United States*, the Supreme Court squarely held, and without qualification, that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." 578 U.S. at __, 136 S. Ct. 1257, 1268 (2016); *see id.* at 1265 ("the rule announced in *Johnson* is substantive"). Because Mr. Livingston's § 2255 motion is based on the substantive rule announced in *Johnson*, it applies retroactively to this case on collateral review. Indeed, the Eleventh Circuit reached that conclusion in a mandatory Guidelines case even before *Welch* was decided. *See In re Rivero*, 797 F.3d 986, 991 (11th Cir. 2015) (observing that, if the petitioner, who was sentenced under the then-mandatory Guidelines' residual clause,

11

"were seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively" to his case).

### V.    Mr. Livingston's Motion is Timely

As relevant here, § 2255 imposes a one-year statute of limitations that runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).  That date runs from the date the Supreme Court recognizes the new right.  *Dodd v. United States*, 545 U.S. 343, 360 (2005).

Mr. Livingston's motion is timely under § 2255(f)(3). In declaring the residual clause unconstitutionally vague, *Johnson* recognized a new right because that result was not "dictated by precedent" at the time Mr. Livingston's conviction became final. *See Howard v. United States*, 374 F.3d 1068, 1073–74 (11th Cir. 2004). To the contrary, the Supreme Court itself, as well as the Eleventh Circuit, had repeatedly rejected vagueness challenges to the residual clause. *Sykes v. United States*, 564 U.S. 1 (2011); *James v. United States*, 550 U.S. 192, 210 n. 6 (2007); *United States v. Gandy*, 710 F.3d 1234, 1239 (11th Cir. 2013). And, as explained above, *Johnson* applies retroactively because it is a substantive rule.

Therefore, Mr. Livingston has one year from the date *Johnson* was decided— June 26, 2016—to seek relief. *See Dodd v. United States*, 545 U.S. 343, 360 (2005). Thus, this motion is timely under § 2255(f)(3).

<u>**CONCLUSION**</u>

Because Mr. Livingston no longer qualifies as a career offender after *Johnson*, he respectfully requests that this Court grant this § 2255 motion and re-sentence him without the career offender enhancement.[4]

Respectfully Submitted,

**MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER**

By:   */s/ Vanessa L. Chen*
　　　Vanessa L. Chen
　　　Assistant Federal Public Defender
　　　Florida Special A No.: A5501529
　　　150 W. Flagler Street, Suite 1700
　　　Miami, Florida 33130-1556
　　　Tel: (305) 530-7000
　　　Fax: (305) 536-4559
　　　E-mail: vanessa_chen@fd.org

---

[4] The Court previously denied Mr. Livingston's motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence under the retroactive crack cocaine amendment to the sentencing guidelines, Amendm750, because Mr. Livingston was a "career offender." Crim. DE. 59.  Mr. Livingston did not file a motion to reduce his sentence pursuant to Amendment 782, the recent "drugs minus two" amendment.  Should the Court re-sentence him without the career offender enhancement, Mr. Livingston would respectfully request leave to advise the Court as to his eligibility under Amendments 750 and 782 and the corresponding relevant amended guideline range.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that on **June 24, 2016**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<i>/s/ Vanessa L. Chen</i><br>Vanessa L. Chen